# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bobbi-Jo Smiley<br>4360 Millstone Road<br>Monroeton, Pennsylvania 18832 | : | CIVIL ACTION |
| and | : | NO. |
| Amber Blow<br>14832 Route 187<br>Wyalusing, Pennsylvania 18853 | : | JURY TRIAL DEMANDED |
| and | : | COMPLAINT - - CLASS ACTION AND<br>COLLECTIVE ACTION |
| Kelsey Turner<br>One Thomas Street<br>Towanda, Pennsylvania 18848 | : | |
| Each individually and on<br>behalf of all others<br>similarly situated. | : | |
| Plaintiffs<br>v. | : | |
| E.I. du Pont De Nemours and Company<br>1007 Market Street<br>Wilmington, Delaware 19898 | : | |
| and | : | |
| Adecco U.S.A., Inc.<br>2106 College Avenue<br>Elmira, New York 14903-1653 | : | |
| Defendants | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

## Nature of Action

1. This is a collective and class action arising from defendants' failure to pay all wages due in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs seek to recover overtime compensation on behalf of themselves and all other similarly situated current, former, and future hourly employees employed by Defendants who elect to opt-in to the collective action, pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b). (the "FLSA Class").

2. Plaintiffs also bring this action on behalf of themselves and all persons who were, are, or will be employed by Defendants who have not received compensation for all hours worked, including overtime compensation, in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* (the "WPCL class").

3. By written policy, Defendants required Plaintiffs and all other members of the proposed classes to be present upon Defendants' work premises before the time their scheduled shifts began in order to change into work uniforms and protective gear, (such as safety goggles and safety shoes or boots), and to receive "shift relief" from co-employees whose shifts were ending. Defendants also required Plaintiffs and members of the classes to be present upon Defendants' work premises after their scheduled shifts had ended in order to provide "shift relief" to the incoming shift workers and to change out of their required work uniforms and safety gear. Defendants did not pay Plaintiffs and all other members of the proposed classes wages, including overtime compensation, for this work.

4. Based upon Defendants' ongoing practice of denying its hourly employees the full wages to which they were and are entitled, the FLSA and WPCL classes are entitled to recover (a) payment of overtime wages at the rate of one and one-half times each employee's

regular rate for all hours worked in excess of 40 hours in any given work week; (b) statutory and/or liquidated damages; (c) prejudgment interest; (d) attorneys fees and costs pursuant to the FLSA and/or the WPCL.

### Parties

5. Plaintiff Bobbi-Jo Smiley is an adult individual who is a citizen of the Commonwealth of Pennsylvania residing at 4360 Millstone Road, Monroeton, Pennsylvania 18832. She brings this action on her own behalf and on behalf of all others similarly situated.

6. Plaintiff Amber Blow is an adult individual who is a citizen of the Commonwealth of Pennsylvania residing at 14832 Route 187, Wyalusing, Pennsylvania 18855. She brings this action on her own behalf and on behalf of all others similarly situated.

7. Plaintiff Kelsey Turner is an adult individual who is a citizen of the Commonwealth of Pennsylvania residing at One Thomas Street, Towanda, Pennsylvania 18848. She brings this action on her own behalf and on behalf of all others similarly situated.

8. Defendant E.I. du Pont Nemour and Company ("du Pont") is a business entity with an address at 1007 Market Street, Wilmington, Delaware 19898.

9. Defendant Adecco U.S.A., Inc. ("Adecco") is a business entity with an address at 2106 College Avenue, Elmira, New York 14903-1653.

### Jurisdiction

10. The court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Federal Law, namely the FLSA. The Court has supplemental jurisdiction over Plaintiffs' pendent WPCL claims pursuant to 28 U.S.C. § 1367.

## Facts

11.  Defendant du Pont operates a manufacturing plant at 192 Patterson Boulevard, Towanda, Pennsylvania (the "Towanda Plant"), and employs hundreds of hourly employees.

12.  For times during the three years preceding the filing of this Complaint (the "Class Period"), Plaintiffs Bobbi-Jo Smiley and Amber Blow have worked as hourly employees of Defendant du Pont, often working four separate 12 hour scheduled shifts per work week, for a total of 48 scheduled hours of work.

13.  Defendant Adecco employs hourly employees, including Plaintiff Kelsey Turner, at the Towanda Plant.

14.  For times during the Class Period, Plaintiff Kelsey Turner worked as an hourly employee of Defendant Adecco, often working four separate 12 hour scheduled shifts per work week, for a total of 48 scheduled hours of work

### *donning and doffing*

15.  During the Class Period, Plaintiffs and members of the FLSA and WPCL classes were required to and did arrive at Defendants' Towanda plant to change into required protective uniforms and gear before the start of their shifts without compensation, including overtime compensation.

16.  During the Class Period, Plaintiffs and members of the FLSA and WPCL classes were required to and did remain at Defendants' Towanda plant to change out of required protective uniforms and gear after their shifts without compensation, including overtime compensation.

### *"shift relief"*

17. During the Class Period, Plaintiffs and members of the FLSA and WPCL classes were subject to Defendant du Pont's "STANDARD OPERATING PROCEDURE" regarding "Shift Relief Guidelines" ("Shift Relief SOP"). (A copy of du Pont's Shift Relief SOP, revised "04/18/2012" is attached hereto as Exhibit "A.") Prior to 4/18/2012 but during the class period, Plaintiffs and members of the FLSA and the WPCL classes were subject to substantially identical Standard Operating Procedure(s) regarding Shift Relief Guidelines.

18. Under their Shift Relief SOP, Defendants imposed a common policy applicable to all Towanda plant employees who worked 12 hour shifts commencing at 6:30 a.m. or 6:30 p.m., as the case may be.

19. According to the Shift Relief SOP, the "BASIS OF POLICY" is "[t]o set guidelines for shift relief for the B10 operating areas and when workers should be on the floor after shift relief is given[,]" and "[i]n principal, all employees are expected to be at their work areas ready to work from their scheduled starting time until their scheduled quitting time."

20. The Shift Relief SOP instructs workers to "[c]ontinue working on orders until 6:15, at this time stop and tie up all lose *[sic]* ends with the intent of giving the incoming shift the necessary information they need to pick up the order where it was left off."

21. Under the Shift Relief SOP,

> *According to plant policy shift relief can start between 30 and 10 minutes before the official shift change time and should be completed by the official start time of the on-coming shift.* Area Leadership determines the exact time.
>
> *...[s]hift relief may take anywhere from 1 minute to 10 minutes depending on the complexity of the day.* The relieved individuals may leave their work

5

>  area when shift relief is completed, but no earlier than 6:30 per computer time.

(emphasis added).

23. According to the SOP:

> ***Individuals who badge in at the gate house at 6:15 am/pm or later or who come to the area to make shift relief later than 6:20 am./pm, will be considered late.*** It is up to the Chief Operator to make the proper contact with the individual. If there are repetitive incidents the Chief will inform the FLM and together they will take the appropriate disciplinary action.

(emphasis added).

23. The SOP further provides:

> When shift relief is completed and after getting the days [*sic*] starting assignments, the incoming crew should then move to the floor and begin work. This should typically be no more than 15 minutes for most individuals.

24. Plaintiffs and members of the FLSA and WPCL classes were subject to Defendants' Shift Relief SOP, which required them to be present upon Defendants' Towanda plant work premises before the start of their scheduled shifts, and sometimes after the time of their scheduled shifts, to participate in shift relief, or be subject to discipline.

### Collective Action and Class Action Allegations

25. Plaintiffs bring this collective and class action under the FLSA and the WPCL on behalf of all persons who were, are, or will be employed by Defendants, and (a) whom Defendants required to don and doff their uniforms and protective gear on Defendants' Towanda Plant premises without compensation and/or (b) who were subject to Defendants' common Shift

Relief SOP which required them to perform pre-shift and post-shift "shift relief" work without compensation.

26. Plaintiffs and the FLSA class are similarly situated because they have substantially similar job requirements and pay provisions concerning donning and doffing and shift relief work, and are subject to Defendants' common practice, policy and/or plan of unlawfully failing to pay for all hours worked, including pay at overtime rates.

27. The names and addresses of the FLSA class are available from Defendants' records.

28. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and have agreed to be collective action representatives in this matter. A copy of Plaintiffs' written consents to join this action are collectively attached to this Complaint as Exhibit "B," and are hereby filed in accordance with 29 U.S.C. § 216(b).

29. Plaintiffs also bring this action pursuant to Federal Rule of Civil Procedure 23(a) and seek certification of a class pursuant to Federal Rule of Civil Procedure 23(b)(1)-(3), the class consisting of: all persons who were, are, or will be employed by Defendants since the beginning of the Class Period, and (a) whom Defendants required to don and doff their uniforms and protective gear on Defendants' Towanda Plant premises without compensation and/or (b) who were subject to Defendants' common Shift Relief SOP which required them to perform pre-shift and post-shift "shift relief" work without compensation.

30. There are questions of law and fact common to the proposed class, and class members claims are based on the same facts and legal theories. Those facts and theories include, among other things, whether Defendants' conduct violated the WPCL, whether the Plaintiffs and the proposed class members are entitled to damages under the WPCL, and whether Defendants

maintained accurate wage statements and time records itemizing all of the actual time worked and wages earned by Plaintiffs and the members of the WPCL class.

31. The claims of the representative parties are typical of the claims of the proposed class.

32. Plaintiffs will fairly and adequately protect the interests of the proposed WPCL class.

33. Prosecution of separate actions by individual members of the proposed WPCL class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed WPCL class, which would establish incompatible standards of conduct for Defendants.

34. Prosecution of separate actions by individual members of the proposed WPCL class would create a risk of adjudications with respect to individual members of the proposed WPCL class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications.

35. Defendants have acted or refused to act on grounds generally applicable to the proposed WPCL class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the proposed class as a whole.

36. Questions of law and fact common to the members of the proposed WPCL class predominate over any questions affecting only individual members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38. The individual members of the proposed WPCL class do not have an interest in individually controlling the prosecution of separate actions, because the cost to litigate a case individually would far outweigh any expected individual benefit or recovery.

39. Upon information and belief, Plaintiffs allege that there is no other litigation concerning this subject matter or claim set forth in this Complaint.

40. Concentrating this litigation in one forum is desirable, because it will conserve judicial resources and provide for an expedient and efficient resolution of the claims.

41. The proposed class action does not present any extraordinary or unusual difficulties affecting its management as a class action.

42. The proposed WPCL class is so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are at least one hundred current and former employees of Defendants who have worked off-the-clock without compensation, and who have not received required overtime pay, as described in this Complaint.

## Count One
### Violations of the Fair Labor Standards Act

43. Plaintiffs incorporate herein by reference all other paragraphs of this Complaint.

44. At all relevant times, Plaintiff and all other similarly situated employees of Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Plaintiff and all other similarly situated current and former employees of Defendants were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a) because they were engaged in commerce and/or the production of goods for commerce within the meaning 29 U.S.C. §§ 206(a) and 207(a) and were employed by Defendants.

46.     Defendants were and are employers subject to the overtime wage provisions of § 201 *et seq.* of the FLSA.

47.     Defendants failed to pay Plaintiffs and all other similarly situated current and former employees the overtime wages at the statutorily required rate because Defendants failed to include all compensation, inclusive of incentive pay, into the regular rate of pay for all hours worked in excess of forty hours in one work week, to which they were entitled under 29 U.S.C. § 207(e).

48.     The FLSA class is entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within at least the three years preceding the filing of this Complaint.

49.     Defendants failure to pay overtime to the FLSA class was "willful" within the meaning of § 6(a) of the Portal-to-Portal Pay Act, as amended 29 U.S.C. § 255(a), because Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of § 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260.  Accordingly, the FLSA class is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA.  Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime pay, the FLSA employees are entitled to an award of prejudgment interest at the applicable legal rate. The FLSA class is also entitled to an award of reasonable attorneys fees and costs, pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

50.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs allege that they and the FLSA class members are entitled to unpaid wages and overtime premiums from Defendants for work

performed and which was not paid, as required by law, and entitled to liquidated damages, prejudgment interest, attorneys fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

## Count Two
## Violations of the WPCL

51. Plaintiffs incorporate herein by reference all other paragraphs of this Complaint.

52. Each Plaintiff is an "employee" within the meaning of the WPCL.

53. At all material times, each Defendant was an "employer" within the meaning of the WPCL.

54. In consideration for their employment, Defendants agreed to pay hourly wages to Plaintiffs and all of its other hourly employees.

55. Defendants' failure to pay to Plaintiffs and members of the WPCL class wages and/or overtime pay for pre-shift and post-shift donning and doffing at the Towanda Plant and/or pre-shift "shift relief" work and/or post-shift "shift relief" work constitutes a violation of the WPCL.

56. As a result of Defendants' violation of the WPCL, Plaintiffs and members of the WPCL class suffered and continue to suffer damages, including but not limited to loss of wages due under the WPCL, liquidated and/or punitive damages, interest, costs, and attorneys fees. No good faith contest or dispute of this WPCL claim exists.

## Demand For Damages

57. Plaintiffs incorporate herein by reference all other paragraphs of this Complaint.

58. WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request that the Court grant the following relief:

### *FLSA Class*

(a)     designating this case as a collective action on behalf of the FLSA class members, and promptly issuing a notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of a FLSA opt-in class, informing them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

(b)     appointing Plaintiffs and their counsel to represent the FLSA class members;

(h)     declaring that defendants' conduct was and is unlawful under the WPCL;

(c)     ordering an accounting, at Defendants' expense, of all amounts wrongfully withheld from members of the FLSA class;

(d)     awarding unpaid compensation, including overtime compensation, due under the FLSA;

(f)     awarding liquidate, statutory and/or punitive damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

(k)     awarding prejudgment and post-judgment interest;

(l)     awarding costs and expenses of this action together with reasonable attorney's fees; and

(m)     awarding such other and further relief as is available under the law.

### *WPCL Class*

(g)     certifying this action as a class action with plaintiff as the representatives of the WPCL class;

(b)     appointing plaintiffs and their counsel to represent the WPCL class members;

(h) declaring that defendants' conduct was and is unlawful under the WPCL;

(j) awarding an accounting, at defendants' expense, of all amounts wrongfully withheld from members of the WPCL class;

(i) awarding compensation, including overtime compensation, due under the WPCL;

(a) awarding liquidated, statutory and/or punitive damages under the WPCL;

(k) awarding prejudgment and post-judgment interest;

(l) awarding costs and expenses of this action together with reasonable attorney's fees; and

(m) awarding such other and further relief as is available under the law.

        CAROSELLI BEACHLER
        McTIERNAN & CONBOY, LLC


*/s/ Thomas More Marrone*
Thomas More Marrone, Esquire
1845 Walnut Street, Fifteenth Floor
Philadelphia, Pennsylvania 19103
PA 49463
tmarrone@cbmclaw.com
Telephone: (215) 609-1350
Fax: (215) 609-1351

Patricia V. Pierce, Esquire
GREENBLATT, PIERCE, FUNT,
and FLORES
123 S. Broad Street, Suite 2500
Philadelphia, PA 19109
PA 23129
p.pierce@gpfflaw.com
Telephone: (215) 735-1600
Fax: (215) 735-1660