# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBI-JO SMILEY, AMBER BLOW, AND KELSEY TURNER,**<br>　　　　**Plaintiffs,**<br>　v.<br>**E. I. DU PONT DE NEMOURS AND COMPANY AND ADECCO U.S.A., INC.,**<br>　　　　**Defendants.** | Case No. 12-cv-02380<br><br>(Judge Manion) |

## STIPULATED AMENDED ORDER PRELIMINARILY APPROVING PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

**AND NOW**, this ___15th___ day of June 2020, the Court having Preliminarily Approved Plaintiffs' Proposed Class and Collective Action Settlement by Order entered June 9, 2020 [Doc. 189], and the Parties having stipulated to modify the Order as follows, it is hereby **ORDERED** that the Order of June 9, 2020 [Doc. 189] is Amended as follows:

1.　The phrase "March 30, 2020" is STRICKEN from paragraph 2 of the Order and replaced by "December 31, 2018."

2.　The Phrase "December 31, 2019" is STRICKEN from pages 1, 2, and 3 of the approved Notice to the Class and Replaced by "December 31, 2018."

3. The modified Order and Notice to the class attached hereto as Exhibits A and B respectively are approved and Ordered and may be disseminated to the class members as previously approved and ordered.

4. All other aspects of the Court's Order at Doc. 189 remain in full force and effect notwithstanding this modification.

**BY THE COURT:**

*s/ Malachy E. Mannion*
_____
**JUDGE MALACHY E. MANNION**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBBI-JO SMILEY, AMBER BLOW, AND KELSEY TURNER,**<br>　　　　　Plaintiffs,<br>　v.<br>**E. I. DU PONT DE NEMOURS AND COMPANY AND ADECCO U.S.A., INC.,**<br>　　　　　Defendants. | Case No. 12-cv-02380<br><br>(Judge Malachy E. Mannion) |

## ORDER PRELIMINARILY APPROVING
## PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

**AND NOW**, this ___9th___ day of ___June___ 2020, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Class Action Settlement Approval, it is hereby **ORDERED** as follows:

1.　　The Court finds that, under the relevant standard for approving a settlement class: the proposed Settlement Class meets all of the requirements of Federal Rule of Civil Procedure 23 and is maintainable under Rule 23(b)(3); the proposed Settlement Class Representative and Settlement Class Counsel are adequate; and there is sufficient unity of interest among the Settlement Class Members to support collective treatment for settlement purposes in accordance with Rule 23 and the Parties' Settlement Agreement ("Settlement Agreement").

1

2. In accordance with the Settlement Agreement, and for settlement purposes only, the Court preliminarily certifies the Settlement Class, which includes all people who were employed by Defendants at DuPont's Towanda, PA facility during the WPCL Relevant Time Period, worked 12-hour shifts and were required to don equipment/gear and/or engage in shift relief from November 2009 through Dec. 31, 2018. Based on Defendants' records, the FLSA Collective includes approximately 105 people and the Rule 23 Class includes approximately 400 people.

4. The Court appoints Bobbi-Jo Smiley, Amber Blow and Kelsey Turner to serve as Settlement Class Representatives.

5. The Court appoints Thomas More Marrone of *MOREMARRONE LLC* (lead) and David J. Cohen of Stephan Zouras, LLP as Class Counsel.

6. The Court preliminarily approves the Settlement set forth in the Parties' Settlement Agreement, which appears to be the product of serious, informed, and extensive arm's-length negotiations between the Parties and appears to be fair, adequate and reasonable to the Settlement Class so as to fall within the range of possible final approval.

8. If final approval of the Settlement is not granted for any reason, the Parties will retain all of their rights and arguments as to whether the claims in this case are appropriate for class certification. Nothing in this Order indicates whether

the Court believes that class certification would be appropriate if the case were to continue to be litigated.

9. The Court approves the proposed form and content of the Notice of Class Action Settlement ("Notice") substantially in the form attached to Plaintiffs' Preliminary Approval Motion and orders the Parties to proceed with dissemination of the Notice as provided in the Settlement Agreement. The Court finds that the proposed process for providing notice to the Classes as set forth in the Settlement Agreement fulfills the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and due process, provides the best notice practicable under the circumstances and will provide adequate notice to all members of the Settlement Class.

10. All opt-out requests and objection requests shall be due within 60 days of the date of the Class Notice mailing.

11. Upon passage of the deadline for opt-out requests and objection requests, Class Counsel shall promptly file a motion for final settlement approval and approval of the proposed enhancement awards, attorney's fees and cost reimbursements.

12. The Court will hold a final settlement approval hearing at __10:30 a.m.__ on __Tuesday, Sept. 22, 2020__ [1] in Courtroom __3__ of the William J.

---

[1] In order to enable the Parties to comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the parties respectfully ask that the final approval hearing be scheduled no less than 100 days after the motion for preliminary approval was filed.

Nealon U.S. Courthouse, 235 North Washington Avenue, Scranton, PA 18503. At this hearing, the Court will determine whether to finally approve the proposed Settlement, enhancement awards, attorneys' fees and cost reimbursements requested by Class Counsel and whether to enter final judgment in this case in light of any written objections, opt-outs, or requests to be heard submitted in accordance with the procedures described in the Notice.

**BY THE COURT:**

*s/ Malachy E. Mannion*
**JUDGE MALACHY E. MANNION**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBI-JO SMILEY, AMBER BLOW, AND KELSEY TURNER,<br>        Plaintiffs,<br>    v.<br>E. I. DU PONT DE NEMOURS AND COMPANY AND ADECCO U.S.A., INC.,<br>        Defendants. | Case No. 12-cv-02380<br><br>(Judge Malachy E. Mannion) |

**NOTICE OF CLASS ACTION SETTLEMENT**

TO:    [Class Member Name]
         [Address]
         [Address]
         [Address]

**PLEASE READ THIS NOTICE CAREFULLY.**

You are receiving this notice because you have been identified as a member of a potential class action lawsuit involving E. I. du Pont de Nemours and Company ("DuPont") and Adecco U.S.A., Inc. ("Adecco"). The Class includes all people who worked 12-hour shifts at DuPont's Towanda, PA facility between November 2009 and December 31, 2018 and were required to don equipment/gear and/or engage in shift relief.

The Parties to this lawsuit have reached a settlement, and the United States District Court for the Middle District of Pennsylvania has granted preliminary approval to the settlement. As described below, you have the right to participate in the settlement and receive a payment. You also have the right to exclude yourself from the settlement, or to object to the settlement.

| 1. | Why should I read this notice? |
|---|---|

This notice explains your right to participate in the settlement and to receive a payment. It also explains your right to exclude yourself from the settlement or object to the settlement, and the instructions you need to follow to do each of these things.

The U.S. District Court for the Middle District of Pennsylvania has scheduled a final settlement approval hearing on _____, 20____, at ___:___ __.m. At the hearing, the Court will consider whether to grant final approval to the settlement. The hearing will take place before Judge Malachy E. Mannion at the William J. Nealon U.S. Courthouse, 235 North Washington Avenue, Scranton, PA 18503. The Court's decision will impact your rights.

| 2. | What is the lawsuit about? |
|---|---|

Bobbi-Jo Smiley, Amber Blow and Kelsey Turner ("Plaintiffs") allege that DuPont and Adecco ("Defendants") failed to pay the Class members all wages due for donning and doffing and shift relief work they performed, including overtime premium wages owed for hours worked in excess of forty per workweek.  Plaintiffs filed claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, for themselves and other individuals who worked 12-hour shifts at DuPont's Towanda, PA facility between November 2009 and December 31, 2018 and were required to don equipment/gear and/or engage in shift relief (the "Class"). In their request for relief, Plaintiffs sought unpaid overtime wages and penalties as well as other relief including interest, liquidated damages, attorney's fees and costs.

Defendants denied Plaintiffs' allegations and claims, and asserted that they had paid the Class members correctly and in compliance with the law.

Legal counsel for both Parties have spent eight years litigating multiple issues in this case and thoroughly investigating the factual and legal issues in the case. Plaintiffs and Class Counsel believe that further proceedings in the litigation, including class certification and decertification briefing, trial and possible appeals, would not only further delay this case, but also have an uncertain outcome. Therefore, upon careful consideration of all of the facts, circumstances, and legal issues, Plaintiff and Class Counsel believe that the settlement agreement they have negotiated with Defendants is fair, reasonable, and adequate, and is in the best interest of the Class members.

The Parties submitted their settlement agreement to the Court, which granted preliminary approval to the settlement of the lawsuit on a class basis, finding the proposed settlement to meet certain criteria for fairness, and authorized the mailing of this Notice for your consideration.

| 3. | How will the settlement amount be allocated? |
|---|---|

Defendants have agreed to pay a maximum settlement amount of $5,000,000.00, which the Parties propose to allocate as follows: a settlement fund of at least $2,804,000, including $2,322,280.00 to settle the claims for back wages and liquidated damages of those Class members employed by DuPont, and $481,720.00 to settle the claims for back wages and liquidated damages of those Class members employed by Adecco; up to $150,000.00 to the Named Plaintiffs as service awards for the work they performed to enable and support this litigation over the past eight years; up to $2,000,000.00 as an attorney's fee to Class Counsel; and up to $46,000.00 to reimburse out-of-pocket expenses incurred by Class Counsel, including settlement administration costs.

Approximately 500 people are entitled to share in the $2,804,000.00 settlement fund. Each Class member's share of this fund will be calculated based on the length of time they worked for Defendants during the relevant time period according to Defendants' records. Approximately 105 people have returned completed consent forms to join the FLSA Collective. These people do not have to do anything further to receive their settlement payment. Everyone who did not return a completed consent form to join the case must complete and return the attached Claim Form to receive a settlement payment. Each settlement payment will be paid in two equal shares: 50% treated as back wages, subject to typical deductions and withholding and reported on an IRS Form

W-2 and 50% treated as non-wage damages, not subject to deductions or withholding and reported on an IRS Form 1099. Defendants will pay all typical employer-side taxes associated with all Class members' back wage payments separately from the maximum settlement amount.

| 4. | What are my options? |
|---|---|

**Participate in the Settlement.** Everyone who returned a completed consent form to join the FLSA Collective will automatically receive their settlement payment.

Everyone who did not return a completed consent form to join the FLSA Collective must complete the attached Claim Form and return it to the Claims Administrator by mail, fax, e-mail, or other electronic delivery means before [claims deadline] to receive their settlement payment.

If you participate in the settlement and the Court grants final approval to the settlement, you will receive your settlement payment after the Court enters its final approval order. You will have 180 days from the date your check is issued to convert the check. It is your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your payment.

If you participate in the settlement, you will forever release Defendants from any and all claims or causes of action, known or unknown, which you have or ever had against Defendants for unpaid wages, including any claims under the FLSA, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Minimum Wage Law, or any common law claim for unpaid wages, through December 31, 2018.

**Exclude Yourself from the Settlement.** If you wish to exclude yourself from the settlement, you must send the Claims Administrator a signed exclusion request. To be effective, an exclusion request must be in writing and include your name, address, telephone number and signature and must be returned to the Claims Administrator by [claims deadline]. If you request exclusion from the settlement: (a) you will not be entitled to any payment from the settlement; (b) you will not be entitled to object to the settlement, or appeal any order entered in the lawsuit relating to the settlement; and (c) you will not be bound by the settlement agreement, including the release of claims set forth in the agreement.

**Do Nothing.** If you did not return a completed consent form to join the FLSA Collective and do not timely return a Claim Form to the Claims Administrator, you will not receive any money from the Settlement but will still be bound by the settlement agreement, including the release of FLSA claims set forth in the agreement.

**Object to the Settlement.** You may object to the settlement if you believe the Court should not approve it. The Court will consider your objection at the fairness hearing in deciding whether to approve the settlement. If you wish to present objections to the proposed settlement at the fairness hearing, you must send a written statement to the Claims Administrator that includes your name, address, telephone number and signature along with a detailed statement of the basis for your objection. If you wish to appear at the fairness hearing, you must say so in your statement. If you are represented by counsel, your statement must also include the name, address and phone number of your counsel. To be considered, all statements must be sent to the Claims Administrator by [claims deadline]. If you submit a timely, written statement containing the above information, you

3

may appear at the fairness hearing in person (with or without your own counsel). You may withdraw your objection by sending a written request to revoke your objection to the Claims Administrator by [claims deadline].

| 5. | Who are the attorneys representing the class? |
|---|---|

Plaintiffs are represented by the following attorneys, who have been preliminarily approved by the Court as Class Counsel:

Thomas More Marrone, Esq. (LEAD)
*MOREMARRONE* LLC
1601 Market Street #2500
Philadelphia, PA 19103
(215) 966-4142

David J. Cohen, Esq.
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

James B. Zouras, Esq.
Ryan F. Stephan, Esq.
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550

| 6. | How will Class Counsel be paid? |
|---|---|

You are not required to pay Class Counsel anything to participate in the settlement. Class Counsel will file a motion with the Court supporting their request for attorney's fees, costs and expenses relating to this case. The Court will decide the actual amount of attorney's fees, costs and expenses to award, and this amount will be paid from Defendants' settlement payment.

| 7. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a fairness hearing to decide whether to approve the settlement. You are not required to attend the hearing, although you are permitted to do so. At the fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate. The Court will consider any written objections to the settlement at that time, and it will hear from any class members who have submitted timely written objections and asked for leave to appear at the fairness hearing. The Court has scheduled the hearing to take place on [DATE AND TIME] at the William J. Nealon United States Courthouse, 235 North Washington Avenue, Scranton, PA 18503. If the Court changes the date, time or location of the hearing, it will notify the parties through the Court's electronic case management system, but no further notice will be mailed.

4

| 8. | Where can I obtain additional information? |
|---|---|

This Notice only provides a summary of the lawsuit and the Parties' settlement. For more information, you may contact Class Counsel (contact information above) or the Claims Administrator:

Analytics Consulting, LLC
[Mailing Address]
[Telephone Number]
[E-Mail Address]
[Website]

You may also inspect the Court files at the Office of the Clerk, United States District Court for the Middle District of Pennsylvania, during regular business hours (typically 8:30 a.m. to 4:30 p.m., Monday through Friday), or through the Court's Public Access to Court Electronic Records (PACER) online service.

**THIS NOTICE HAS BEEN APPROVED BY THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA.**

**PLEASE DO NOT TELEPHONE OR CONTACT THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**



# CLAIM FORM

*Bobbi-Jo Smiley, et al. v. E.I. du Pont de Nemours and Company and Adecco U.S.A., Inc.*
**M.D. PA Case No. 12-cv-02380-MEM**

**By completing and signing this form, I am submitting a claim to receive a settlement payment in the above-captioned lawsuit based on the amount of time I worked for DuPont or Adecco between November 2009 and December 31, 2018. I agree to be bound by all terms of the Settlement Agreement filed with the Court including the release of any and all claims for unpaid wages against DuPont and Adecco for the time period through December 31, 2018.**

Signature:_____ Date:_____/_____/_____

Print Name: _____

Address:_____

City:_____State:_____Zip: _____

E-Mail:_____

Telephone Number (Home): (_____)_____-_____  Telephone Number (Cell): (_____)_____-_____

**PLEASE INFORM THE ADMINISTRATOR IF YOU MOVE FROM THE ADDRESS LISTED ABOVE.**

**PLEASE RETURN YOUR COMPLETED, SIGNED CLAIM FORM NO LATER THAN [DATE] TO:**

*Smiley v. DuPont* **Lawsuit**
**Analytics Consulting, LLC**
[Mailing Address]
[Telephone Number]
[E-Mail Address]
[Website]

If you still work for DuPont, Adecco, their affiliates or subsidiaries, submitting a claim will not impact your employment status.