UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBI-JO SMILEY, AMBER BLOW, and KELSEY TURNER : | |
| : | |
| Plaintiffs : | CIVIL ACTION NO. 3:12-2380 |
| : | |
| v. : | (JUDGE MANNION) |
| : | |
| E.I. DU PONT DE NEMOURS AND COMPANY, and ADECCO USA, INC. : | |
| : | |
| Defendants | |

**MEMORANDUM**

**I. INTRODUCTION**

Presently before the court is a motion to intervene filed by Greenblatt, Pierce, Funt & Flores LLC (hereinafter "GPFF"). (Doc. 192). Based on the following, GPFF's motion to intervene shall be **DENIED** without prejudice to GPFF's right to file an independent cause of action.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 24(a)(2) provides in pertinent part that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The United States Court of Appeals for the Third Circuit has held

> that a non-party is permitted to intervene under Fed.R.Civ.P. 24(a)(2) only if: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987).

### III. DISCUSSION

In September of 2012, GPFF and another law firm entered an engagement agreement to represent the plaintiffs in this matter. (Doc. 193, at 2). Under this agreement, the two law firms agreed to evenly split forty percent "of the total proceeds of any settlement or judgment and attorneys' fees awarded for their services, together with all costs and expenses." (Doc. 193, at 2-3). On August 8, 2018, GPFF filed a motion to withdraw as plaintiffs' counsel (Doc. 159), which was granted on September 4, 2018 (Doc. 164). Now, as this case is scheduled for a hearing on final settlement approval,

GPFF filed the instant motion to intervene to protect its interest in its contingency fee.

GPFF is unable to satisfy all the elements required to intervene herein. With respect to the second prong of the requirements for intervention, the Third Circuit has provided some guidance to the courts in determining whether a sufficient interest has been provided.

> While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged…. An intervenor's interest must be one that is significantly protectable. This means that the interest must be a legal interest as distinguished from interests of general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as belonging to or one being owned by the proposed intervenors…. In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene….

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220-21 (3d Cir. 2005) (quoting Mountain Top Condominium Ass'n, 72 F.3d at 366) (internal citations and brackets omitted).

Rule 24 states that an intervenor must claim "an interest relating to the property or transaction that ***is the subject of the action*** . . . ." FED. R. CIV. P. 24(a) (emphasis added). The subject of this case is the defendants' alleged failure to pay all wages to their employees. GPFF does not claim to

- 3 -

have any interest in the unpaid wage claims; they contend that they are entitled to attorney's fees and costs from the proposed settlement between the parties. GPFF's demand for attorney's fees is a collateral dispute based on a contractual relationship GPFF has with another law firm. Therefore, the court finds that GPFF does not have a sufficient interest warranting intervention.

Based on the foregoing, GPFF's motion to intervene (Doc. 192) shall be **DENIED** without prejudice to GPFF's right to file an independent cause of action. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 21, 2020**
12-2380-01